THOMPSON, Judge,
dissenting.
I believe the trial court erred in overturning the decision of the administrative law judge.
“ ‘Business income’ means income arising from transactions and activity in the regular course of the taxpayer’s trade or business and includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer’s regular trade or business operations.”
§ 40-27-1, Art. IV, l.(a), Ala.Code 1975. This definition of “business income” was taken from the Uniform Division of Income for Tax Purposes Act [UDITPA], a model act drafted by the National Conference of Commissioners on Uniform State Laws.
Other jurisdictions interpreting the UDITPA definition have applied two distinct tests, the “transactional test” and the “functional test,” for the purpose of determining whether corporate income constitutes “business income” for state-income-tax purposes. The transactional test is derived from the “income arising from transactions and activity in the regular course of the taxpayer’s trade or business” language in the definition of “business income.” General Care Corp. v. Olsen, 705 S.W.2d 642 (Tenn.1986); Phillips Petroleum Co. v. Iowa Dep’t of Revenue & Finance, 511 N.W.2d 608 (Iowa 1993). Under the transactional test, the courts analyze the nature of the transaction at issue, “the frequency and regularity of similar transactions and the former practices of the business.” General Care Corp. v. Olsen, 705 S.W.2d at 644. The functional test is derived from the “includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer’s regular trade or business operations” language of the definition of “business income.” Phillips Petroleum Co. v. Iowa Dep’t of Revenue & Finance, supra. Under the functional test, the income from the sale of an asset is considered business income if the asset produced business income while the business owned the asset. General Care Corp. v. Olsen, supra.
Under the transactional test, the sale at issue in this case clearly did not generate business income. Uniroyal’s sale of its entire interest in the partnership was clearly a one-time occurrence and was not an activity within the regular course of its trade or business.
I also do not find that Uniroyal’s sale of its partnership interest produced business income under the functional test. In Polaroid Corp. v. Offerman, 349 N.C. 290, 507 S.E.2d 284 (1998), a case upon which the majority relies, the relevant statute provided that “business income” included “income from tangible and intangible property if the acquisition, management, and/or disposition of the property constitute integral parts of the corporation’s regular trade or business operations.” (Emphasis added.) The North Carolina court noted that North Carolina’s definition of business income is broader than that of the UDITPA.
Alabama’s definition of “business income” does not include the word “or.” The definition of “business income” set forth at § 40-27-1, Art. IV, l.(a), Ala.Code 1975, includes income from property if the “acquisition, management, and disposition of the property constitute integral parts of the taxpayer’s trade or business operations.” The word “and” indicates that the acquisition, management, and disposition of the property all must be integral parts of a business’s operations. See General Care Corp. v. Olsen, supra. It is undisputed that the acquisition, management, and disposition of partnership interests were not integral parts of Uniroyal’s operations. Because Uniroyal was not in the business of acquiring, managing, or disposing of partnership interests, I would hold that the sale of the partnership interest was not business income, under the functional test.
*226 The facts of Polaroid Corp. v. Offerman, supra, are also distinguishable from the facts of this case. In Polaroid Corp. v. Offerman, the issue was whether damages received from a patent-infringement lawsuit constituted business income. After determining that Polaroid’s patents were integral parts of the business operations, the court held that any income derived from the “acquisition, management, and/or disposition” of the patents was business income, regardless of how the income was earned or received. However, the court noted: “[Clases involving liquidation are in a category by themselves. Indeed, true liquidation cases are inapplicable to these situations because the asset and transaction at issue are not in furtherance of the unitary business, but rather a means of cessation.” Polaroid Corp. v. Offerman, 349 N.C. 290, 306, n. 6, 507 S.E.2d 284, 296, n. 6 (1998).
The other cases relied on by the majority, Dover Corp. v. Deparment of Revenue, 271 Ill.App.3d 700, 208 Ill.Dec. 167, 648 N.E.2d 1089 (1995), and Simpson Timber Co. v. Department of Revenue, 326 Or. 370, 953 P.2d 366 (1998), also did not involve the cessation of a company’s business operations. In Dover Corp., proceeds from a patent-infringement judgment were held to be business income because the judgment constituted income “in lieu of’ profits the company would have received absent the infringement. In Simpson Timber Co., the court held that the money received from the government’s condemnation of ‘some of the company’s timber and land constituted business income because the acquisition, management, use, and disposition of the timber and land were integral parts of the company’s business operations.
In McVean & Barlow, Inc. v. New Mexico Bureau of Revenue, 88 N.M. 521, 543 P.2d 489 (1975), the court held revenue from a transaction that liquidated a large part of the corporation’s business was not business income. In that case, the court noted that the corporation, which managed two pipelines, was not in the business of buying and selling pipelines.
In General Care Corp. v. Olsen, supra, a case involving the disposition of corporate assets in a liquidation of the corporation, the Tennessee court held that the transaction did not produce business income. The definition of “business income” applicable in General Care Corp. v. Olsen, supra, is identical to the definition of “business income” codified at § 40-27-1, Art. IV, l.(a), Ala.Code 1975. That case was decided before the 1993 amendment to Tennessee’s definition of “business income.” That amendment changed the definition of “business income” to “earnings arising from transactions and activity in the regular course of the taxpayer’s trade or business or earnings from tangible or intangible property if the acquisition, use, management or disposition of the property constitutes an integral part of the taxpayer’s regular trade or business operations ....” § 67-4-804(a)(l), Tenn.Code Ann. (Supp.1993) (emphasis added).
In Associated Partnership I, Inc. v. Huddleston, 889 S.W.2d 190 (Tenn.1994), the Tennessee Supreme Court also applied the pre-amendment definition of “business income.” Under that definition, the Tennessee court held, the sale of a partnership interest did not produce business income. However, the court noted that after that 1993 amendment of the definition of “business income” codified at § 67-4-804(a)(1), Tenn.Code Ann. (Supp.1993), the sale of a partnership similar to the one at issue in the case would be taxable as business income. 889 S.W.2d at 195, n. 3.
Unlike Tennessee, Alabama has not amended its definition of “business income.” Uniroyal was not in the business of buying or selling partnership interests. The sale of its interest in the partnership was a one-time event and constituted a cessation of its operations. I disagree with the majority’s conclusion that the sale of Uniroyal’s partnership interest pro *227 duced business income. Therefore, I must respectfully dissent.
CRAWLEY, J., concurs.